[Civ. No. 8185.   Second Appellate District, Division Two.—February 20, 1934.]

OLVE J. SHORES, Respondent, v. F. F. GUNN, Appellant.

F. R. McNamee and Luke J. McNamee for Appellant.

Olve J. Shores, *in pro. per.*, for Respondent.

STEPHENS, P. J.,—This is a suit on a promissory note signed by defendant in favor of Ida Shores. The original complaint alleges an assignment or indorsement of the note to Olve J. Shores. The case was called for trial and the court permitted the amendment of the title to the complaint so that the plaintiff should be "Olve J. Shores, also signs Ida Stockton Shores". The cause came on for trial and the plaintiff testified that she was Ida Stockton Shores and that she also used the name of Olve J. Shores, and in effect that she was the Ida Shores named in the note as payee. She produced and surrendered the note to the court and testified that she had loaned the sum of money mentioned therein to the signers, one of whom was defendant in the trial court, and that the note had not been paid. █ The only defense to the note interposed at the trial was an attempt to establish through a deposition theretofore given by plaintiff that

the real party in interest was Olve J. Shores and not Ida Stockton Shores, the individual who appeared as the party plaintiff in the case.

The evidence fell far short of establishing this. In fact, it did not cause more than a color of conflict. Of course, even if a conflict of evidence was created by the evidence, its issue was final with the decision of the trial judge. This decision and the judgment went for plaintiff.

Judgment affirmed.

Craig, J., and Archbald, J., *pro tem.*, concurred.